■ The People of the State of New York, Respondent, v Dante Richards, Appellant. [821 NYS2d 308]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 30, 2004, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree, attempted criminal sale of a controlled substance in the third degree and attempted promoting prison contraband in the first degree.

In satisfaction of three separate indictments charging a total of seven felonies and one misdemeanor, defendant pleaded guilty to attempted burglary in the second degree, attempted criminal sale of a controlled substance in the third degree and attempted promoting prison contraband in the first degree. Prior to sentencing, a hearing was conducted to determine whether defendant was a second felony offender (*see* CPL 400.21 [7]). Defendant argued that he was not because the underlying predi-

cate offense, a prior conviction for burglary in the third degree, was secured in violation of his constitutional right to the effective assistance of counsel. Specifically, defendant claimed that he had resided with his then-girlfriend in the house that he was convicted of burglarizing and his attorney had been deficient in failing to advise him that the fact that he lived there constituted a viable defense to the charge.

Following the hearing, County Court found that defendant had no legal right to be in the house at the time of the burglary and, therefore, the residence defense would have been invalid. Thus, acknowledging that defense counsel had no obligation to advise defendant regarding a nonexistent defense, County Court held that defendant had not been deprived of meaningful representation in connection with the prior burglary conviction. County Court then declared defendant to have been previously convicted of a predicate felony and sentenced him as a second felony offender to consecutive prison terms of $5^{1}/_{2}$ years for the attempted burglary conviction and 3 to 6 years for the attempted criminal sale of a controlled substance conviction, along with a concurrent prison term of $1^{1}/_{2}$ to 3 years for the attempted promoting prison contraband conviction. Defendant now appeals.

We affirm. Defendant's former girlfriend was the only person named on the lease and, prior to the burglary, ordered defendant out of the house after a domestic dispute. Defendant therefore had no legal authority to be in the house when he later returned and committed the burglary by climbing through the window and beating up the girlfriend. Accordingly, with the record being devoid of any other evidence that the previous burglary conviction was constitutionally infirm, we will not disturb County Court's determination that defendant was a predicate felon for purposes of sentencing.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.